1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM M. VOGEL,

11              Petitioner,                 No. 2:08-cv-2501 LKK JFM (HC)

12        vs.

13   MICHAEL S. EVANS, Warden
     Salinas Valley State Prison,

14

15              Respondent.                 FINDINGS AND RECOMMENDATIONS

16   _____/

17              Petitioner is a state prisoner proceeding through counsel with an application for a

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In October 2005, petitioner pled no contest

19   to two charges of committing lewd acts on children under fourteen years of age with a special

20   allegation that his lewd acts were committed against multiple victims.  (Clerk's Transcript

21   ("CT") 12-15.)  Petitioner was sentenced to two enhanced prison terms of fifteen years to life, to

22   be served concurrently with a fifteen-year-to-life sentence he was serving as a result of a

23   separate conviction from a different county.  (Lodgment 4 at 5.)

24              Petitioner raises three claims in his petition, filed October 20, 2008, that his

25   conviction must be overturned because his Fourth Amendment rights were violated when he was

26   unlawfully detained and arrested; his First Amendment rights were violated because his actions

1

were constitutionally protected, and the statute under which he was arrested is unconstitutionally vague and overbroad.

FACTS[1]

After he was arrested in Red Bluff in 1999 for annoying or molesting a minor (Pen. Code, [ ] § 647.6), [petitioner] was prosecuted on different charges in Siskiyou and Placer counties based on evidence obtained as a result of that arrest. In each case, the trial courts denied his motion to suppress evidence. In the Siskiyou County case, we affirmed that ruling on appeal. (*People v. Vogel* (July 11, 2001, C036488) [nonpub. opn.].) [Petitioner] now challenges the ruling in the Placer County case.

[¶]

On the evening of July 20, 1999, Patrol Sergeant Ted Wiley of the Red Bluff Police Department arrested [petitioner] for annoying or molesting a minor after investigating a report that [petitioner] was trying to take pictures of children at Red Bluff High School.FN2 Based on evidence obtained as a result of the arrest, [petitioner] was charged with offenses in two separate cases, one in Siskiyou County and one in Placer County. The Placer County case (case No. 62-009665) was commenced in August 1999 with the filing of a complaint against [petitioner] for having committed seven different crimes against two different victims (ages seven and eight) on or about July 4, 1999.

FN2 Section 647.6 makes it a crime to "annoy[ ] or molest[ ] any child under 18 years of age." (§ 647.6, subd. (a).)

Meanwhile, [petitioner] was also charged with various crimes in Siskiyou County (case No. 99-1455). After the trial court in Siskiyou County denied a motion to suppress evidence, [petitioner] pled guilty to two counts of committing a lewd or lascivious act on a child under age 14 and was sentenced to 15 years to life in prison. In July 2001, this court rejected [petitioner]'s challenge on appeal to the denial of his motion to suppress, concluding "there was ample evidence to establish probable cause to arrest [petitioner]." The California Supreme Court denied [petitioner]'s petition for review. (*People v. Vogel*, review den. Sept. 19, 2001, S099940.)

In March 2003, following a preliminary hearing in this case, [petitioner] was charged by information with eight crimes in connection with the incidents in Placer County in July 1999. In May 2003, [petitioner] filed a motion to set aside the information. He asserted all of the evidence against him, both in this case and in the Siskiyou County case, stemmed from his arrest in Red Bluff in July 1999, and that the arrest was "illegal" because section 647.6 is "unconstitutional and void." As a result, [petitioner] argued, the court should set aside the information

---

[1] The facts are taken from the partially published opinion of the California Court of Appeal for the Third Appellate District in <u>People v. Vogel</u>, No. C051861 (Feb. 28, 2007), a copy of which was filed by respondent as Lodgment 4 on March 13, 2009.

in this case and set aside and expunge the judgement against him in the Siskiyou County case.  The trial court (Judge Couzens) denied his motion.

In September 2003, [petitioner] moved to suppress all evidence obtained as a result of his arrest on July 20, 1999, on the grounds he was subjected to a prolonged detention that violated the Fourth Amendment, his arrest was not supported by probable cause, and his arrest violated his First Amendment rights. [Petitioner] also asserted again that his arrest was invalid because section 647.6 is unconstitutionally vague.

In opposing the motion to suppress, the prosecutor called the trial court's attention to this court's ruling on [petitioner]'s appeal in the Siskiyou County case and argued that the motion to suppress should be denied "on collateral estoppel grounds."  The prosecutor also opposed the motion on the merits.

In April 2004, the trial court (Judge McKeith) denied the motion.  In doing so, the trial court noted this court's opinion in the Siskiyou County case and "concur[red] with the facts and findings in that opinion," but did not mention collateral estoppel or indicate that the court felt itself bound by the prior decision on appeal.

In May 2004, a new complaint was filed against [petitioner] in Placer County (case No. 62-43670) charging him with nine offenses.  At the preliminary hearing, the parties stipulated, and the court ordered, that the previous motion to suppress evidence, and the resulting denial of that motion, would be deemed to apply to the new case against [petitioner].  The trial court subsequently granted a motion to consolidate the two cases, and in September 2004 [petitioner] was charged by consolidated information with 17 offenses and various special allegations.

In October 2005, [petitioner] agreed to plead no contest to two of the charges (two counts of committing a lewd or lascivious act on a child under age 14) and admit a special allegation of multiple victims in exchange for dismissal of the remaining 15 charges and a sentence of 30 years to life, to run concurrently with his sentence in the Siskiyou County case.

(People v. Vogel, slip op. at 2-5.)

PROCEDURAL BACKGROUND

Petitioner appealed to the California Court of Appeal, Third Appellate District, which upheld petitioner's sentence in a partially published opinion filed February 28, 2007. (Lodgment 4.)  Petitioner then sought review by the California Supreme Court.  Review was denied summarily on June 20, 2007.  (Lodgment 5.)

Petitioner filed the instant petition in this court on October 20, 2008.  Respondent filed an answer on March 12, 2009.  Petitioner filed a traverse on April 15, 2009.

3

1                                             ANALYSIS

2    I.  <u>Standards for a Writ of Habeas Corpus</u>

3                  Federal habeas corpus relief is not available for any claim decided on the merits

4    in state court proceedings unless the state court's adjudication of the claim:

5                        (1) resulted in a decision that was contrary to, or involved an
                         unreasonable application of, clearly established Federal law, as
6                        determined by the Supreme Court of the United States; or

7                        (2) resulted in a decision that was based on an unreasonable
                         determination of the facts in light of the evidence presented in the
8                        State court proceeding.

9    28 U.S.C. § 2254(d).

10                 Under section 2254(d)(1), a state court decision is "contrary to" clearly

11   established United States Supreme Court precedents if it applies a rule that contradicts the

12   governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

13   indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

14   result.  <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-406

15   (2000)).

16                 Under the  "unreasonable application" clause of section 2254(d)(1), a federal

17   habeas court may grant the writ if the state court identifies the correct governing legal principle

18   from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

19   prisoner's case.  <u>Williams</u>, 529 U.S. at 413.  A federal habeas court "may not issue the writ

20   simply because that court concludes in its independent judgment that the relevant state-court

21   decision applied clearly established federal law erroneously or incorrectly.  Rather, that

22   application must also be unreasonable."  <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75

23   (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

24   question, is left with a 'firm conviction' that the state court was 'erroneous.'")  The court looks

25   to the last reasoned state court decision as the basis for the state court judgment.  <u>Avila v.</u>

26   <u>Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002).

                                                  4

1    II.  Petitioner's Claims

2         1.     Ground One

3              In ground one, petitioner claims that the evidence used against him violated his

4    Fourth Amendment rights because it was obtained without probable cause pursuant to an

5    unlawful detention and arrest.

6              The last reasoned rejection of this claim is the decision of the California Court of

7    Appeal for the Third Appellate District on petitioner's direct appeal, which denied it on grounds

8    of collateral estoppel:

9              [Petitioner]'s first argument on appeal is that Sergeant Wiley did not have
              probable cause to arrest him for annoying or molesting a minor.  The People
10             contend this argument "is barred by the doctrine[ ] of collateral estoppel" because
              [petitioner] "fully litigated the probable cause issue in [the] Siskiyou County"
11             case.  For the reasons that follow, we agree that [petitioner] is collaterally
              estopped from relitigating whether Sergeant Wiley had probable cause to arrest
12             him.

13             "Collateral estoppel has been held to bar relitigation of an issue decided at
              a previous trial if (1) the issue necessarily decided at the previous trial is identical
14             to the one which is sought to be relitigated; if (2) the previous trial resulted in a
              final judgment on the merits; and if (3) the party against whom collateral estoppel
15             is asserted was a party or in privity with a party at the prior trial."  (*People v.
              Taylor* (1974) 12 Cal.3d 686, 691, disapproved on other grounds in *People v.
16             Palmer* (2001) 24 Cal.4th 856, 861, 867.)  Application of the collateral estoppel
              doctrine serves: "(1) to promote judicial economy by minimizing repetitive
17             litigation; (2) to prevent inconsistent judgments which undermine the integrity of
              the judicial system; and (3) to provide repose by preventing a person from being
18             harassed by vexatious litigation.  [Citation.]  In deciding whether the doctrine is
              applicable in particular situation a court must balance the need to limit litigation
19             against the right of a fair adversary proceeding in which a party may fully present
              his case."  (*Taylor*, at p. 695.)

20
              All three of the requirements for applying the collateral estoppel doctrine
21             are present here: (1) [petitioner], against whom the People assert the doctrine, was
              also the [petitioner] in the Siskiyou County case; (2) that case resulting in a final
22             judgment of conviction, which was affirmed on appeal; and (3) the issue
              [petitioner] seeks to litigate here – whether Sergeant Wiley had probable cause to
23             arrest him – is identical to the issue expressly decided both by the trial court and
              this court in the Siskiyou County case.

24
              [Petitioner] contends collateral estoppel should not apply here because
25             "the issues raised in the present case differ from those raised in the previous
              matter."  We acknowledge that in this case [petitioner] has raised *some* issues that
26             apparently were not decided in the Siskiyou County case: specifically, whether

his arrest was invalid because he was engaged in constitutionally protected conduct or because section 647.6 is unconstitutionally vague, and whether Sergeant Wiley's detention of him prior to the arrest exceeded the permissible limits and scope of an investigative stop.FN4  The only issue with which we are concerned at this point, however, is whether Sergeant Wiley had probable cause to arrest him for annoying or molesting a minor, and [petitioner] does not (and cannot) deny that that issue *was* decided in the Siskiyou County case.

FN4 We know those issues were not resolved in this court's opinion in the Siskiyou County case, and the People have offered no evidence they were decided by the trial court in that case.

Consequently, it is [petitioner]'s position that this court should revisit the question of whether there was probable cause for his arrest and reach a different conclusion than the court reached six years ago in the Siskiyou County case. Relying on two cases in which the appellate courts declined to apply the collateral estoppel doctrine to rulings on motions to suppress evidence – *People v. Gephart* (1979) 93 Cal.App.3d 989 and *People v. Torres* (1992) 6 Cal.App.4th 1324 – [petitioner] argues the doctrine should not apply here because: "[t]he charges here are not the same as those in the [Siskiyou County] case" and "the evidence used to convict [petitioner] in this case is not the same as in the Siskiyou case."  As we will explain, however, those factors are irrelevant to whether we should apply the collateral estoppel doctrine, and the decisions in *Gephart* and *Torres* declining to apply that doctrine do not support a similar result here.

In *Gephart*, three defendants were arrested in Stanislaus County and charged with unknown offenses.  (*People v. Gephart*, *supra*, 93 Cal.App.3d at pp. 991-992 & fn. 2.)  After the magistrate suppressed certain evidence but held the defendants to answer on a charge of receiving stolen property, the superior court granted their motion to suppress "all of the evidence seized" (presumably as a result of their arrests) and "thereafter dismissed the action pursuant to Penal Code section 995."  (*Id.* at pp. 992-993.)  The prosecutor did not seek appellate review of the trial court's ruling.  (*Id.* at p. 996, fn. 3.)

The defendants were later charged with armed robbery in Siskiyou County.  (*People v. Gephart*, *supra*, 93 Cal.App.3d at p. 993.)  They moved to suppress the evidence against them (which included evidence seized as a result of the arrests in Stanislaus County), and the Siskiyou County Superior Court rules "that the determination [on the suppression motion] in the Stanislaus proceedings . . . had no effect on the Siskiyou proceedings."  (*Id.* at p. 993.)  The court then granted suppression "as to evidence which was seized from [the] defendants' vehicle, but denied the motion as to other evidence," including a gun seized from one of the defendants on his arrest.  (*Id.* at p. 994.)  A jury ultimately found the defendants guilty based on evidence that included the gun.  (*Id.* at p. 993.)

On appeal to the court, the defendants contended the Siskiyou court erred in not giving preclusive effect to the ruling of the Stanislaus court because "the ruling of a superior court on the admissibility of evidence in a Penal Code section 1538.5 motion acts either as res judicata or as collateral estoppel."  (*People v. Gephart*, *supra*, 93 Cal.App.3d at p. 995.)  Based on the facts before it, this court disagreed, holding that "the determination in a special proceeding under Penal

Code section 1538.5 is not binding on the prosecutor of a different county on different charges." (*Id.* at p. 999.)  In explaining the "[s]ound policy reasons support[ing its] determination," the court pointed out that "[a]fter the granting of a motion under Penal Code section 1538.5, the prosecutor may decline to proceed further for reasons quite independent of the legality of the search or seizure." (*People v. Gephart*, *supra*, 93 Cal.App.3d at pp. 999, 1000.)  The court explained that giving preclusive effect to the superior court's determination in such a case "would . . . prevent full and fair litigation of the [search and seizure] issue by the prosecutor in [a different county] in a proceeding on charges distinct from the charges against the defendants in [the first county].  Such an effect would defeat one of the major purposes of the enactment of Penal Code section 1538.5, that of providing the prosecution with full appellate rights on the issues of the legality of the search and seizure." (*Id.* at p. 1000.)

Relying on *Gephart*, [petitioner] contends that if the prosecution is not bound by a ruling on a suppression motion in another county, then the same rule must apply to defendants like him.  We agree there is no rational basis for treating defendants differently from the prosecution in applying the doctrine of collateral estoppel to a motion to suppress in a criminal proceeding, as long as the prosecution and the defendants are similarly situated, but [petitioner] here is not similarly situated to the prosecution in *Gephart*.  The "paramount concern" of the *Gephart* court was "the unfairness to the prosecutor in County A of preventing him from litigating a suppression issue simply because of a prior discretionary decision by the prosecutor in County B not to challenge an adverse ruling pertaining to a different charge, especially when the decision in County B may have had little or nothing to do with the merits of the ruling." (*People v. Torres*, *supra*, 6 Cal.App.4th at p. 1331.)  In other words, the *Gephart* court was driven by the fact that the search and seizure issue may not have been fully and fairly litigated in the Stanislaus County proceeding because the superior court's ruling on that issue was not challenged on appeal, and there was no way of knowing whether the prosecution's decision not to challenge that ruling had anything to do with its merits.FN5 Thus, the *Gephart* court balanced the need to limit the relitigation of the suppression issue against the right of a fair adversary proceeding in which the People could fully present their case on that issue and found the balance weighed in favor of the People.

FN5 On this point, it is worth noting that the *Gephart* court disposed of the defendants' challenge to the Siskiyou County court's denial of their motion to suppress on the merits in a single sentence in a footnote, concluding that "[t]he pistol was seized during a proper pat-down search pursuant to a lawful investigative stop." (*People v. Gephart*, *supra*, 93 Cal.App.3d at p. 992, fn. 1.)

The circumstances of this case, however, justify a different result. [Petitioner] does not deny that the Siskiyou County case was a fair adversary proceeding in which he had the opportunity to fully present his case on the question of whether Sergeant Wiley had probable cause to arrest him for annoying or molesting a minor.  Moreover, not only did [petitioner] get a full and fair chance to litigate that issue before the superior court, he also got a full and fair chance to litigate the issue before this court.  Thus, there is no need to allow [petitioner] to relitigate the issue in this case to vindicate his right to a fair adversary proceeding in which he can fully present his case on the probable cause

7

issue. [Petitioner] has had that opportunity already.  Under these circumstances, the need to limit litigation must prevail.  This result promotes judicial economy, prevents the possibility of an inconsistent determination that would undermine the integrity of the judicial system, and provides repose to the People

Nothing in *Torres*, the other case on which [petitioner] relies, undermines our conclusion.  In *Torres*, a two-member majority of the appellate panel reached a similar result to that in *Gephart*.  (*People v. Torres*, *supra*, 6 Cal.App.4th at pp. 1329-1335.)  In doing so, the majority distinguished another decision – *People v. Zimmerman* (1979) 100 Cal.App.3d 673 – on the ground that *Zimmerman* involved "the precise charges which were dismissed in the prior criminal action," while *Torres* "involved different offenses committed in different jurisdictions and based on different evidence."  (*Torres*, at p. 1331.)

Seizing on this language, [petitioner] contends the collateral estoppel doctrine should not apply here because, like *Torres* (and unlike *Zimmerman*), this case involves prosecutions on different charges committed in different jurisdictions based on different evidence.  A brief look at *Zimmerman*, however, reveals why the language from *Torres* on which [petitioner] relies has no bearing on whether collateral estoppel should apply here.

In *Zimmerman*, the defendant, who was on probation in a case out of Contra Costa County, was charged with gun and drug offenses in Santa Clara County after a search of his person following an investigatory detention revealed a pistol and three cubes of LSD.  (*People v. Zimmerman*, *supra*, 100 Cal.App.3d at pp. 674-675.)  The charges were later dismissed after his motion to suppress the evidence was granted at a preliminary hearing.  (*Id.* at p. 675.)

Meanwhile, a petition to modify or revoke the defendant's probation in the Contra Costa County case was filed based on his possession of the gun and the LSD.  (*People v. Zimmerman*, *supra*, 100 Cal.App.3d at p. 675.)  The trial court denied the defendant's motion to exclude the evidence and found him in violation of his probation.  (*Ibid.*)  On appeal, the appellate court concluded that the trial court in the probation revocation proceeding "could not consider the evidence that had been suppressed at the preliminary hearing in Santa Clara County" because subdivision (d) of section 1538.5 precludes the use of illegally seized evidence "'at any trial or other hearing.'"FN6 (*Zimmerman*, at pp. 675-676.)

FN6  In contrast to the *Zimmerman* court, the *Gephart* court implicitly rejected this construction of subdivision (d) of section 1538.5 when, after noting that the defendants in that case were relying on that statute in addition to "the doctrines of res judicata and collateral estoppel," the court expressed its disbelief "that the Legislature intended to give the determination [on a suppression motion] conclusive effect beyond the proceedings in which the defendant is involved at the time of the determination."  (*People v. Gephart*, *supra*, 93 Cal.App.3d at pp. 997, 999.)

For our purposes, what is most apparent from *Zimmerman* is that *it did not involve the collateral estoppel doctrine*; instead, it strictly involved the application of a statutory bar to the further use of suppressed evidence.  Thus, to the extend the defendants in *Torres* relied on *Zimmerman* to support their

collateral estoppel argument, the *Torres* majority could have distinguished *Zimmerman* on that basis alone.

With this understanding of the basis for the decision in *Zimmerman*, there is no rational basis for the [petitioner]'s assertion that the collateral estoppel doctrine should not apply here because, like *Torres*, this case involves prosecutions on different charges committed in different jurisdictions based on different evidence. Notwithstanding the contrary suggestion in *Torres*, these facts are simply not material in applying the collateral estoppel doctrine. As long as (1) the search and seizure issue involved in both cases is the same, (2) that issue was necessarily decided in the earlier case, (3) the earlier case was resolved by a final judgment, (4) the same person was the defendant in both cases, and (5) that person had a full and fair opportunity to litigate that issue in the earlier case, then we perceive no rational basis for refusing to give preclusive effect to the judicial determination of that issue in the earlier case.

Since this case meets the foregoing criteria, we conclude collateral estoppel bars [petitioner] from relitigating in this case whether Sergeant Wiley had probable cause to arrest him. Accordingly, we will not consider that issue further.

(People v. Vogel, slip op. at 5-14.)

A.      Tollett v. Henderson Bar

Except as discussed *infra*, the law is clear that petitioner may not raise claims of deprivation of his constitutional rights that occurred prior to his plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). See also McMann v. Richardson, 397 U.S. 759, 770-71 (1970); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"), overruled on other grounds in Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir. 1985) (superseded on other grounds by AEDPA) (voluntary and intelligent guilty plea precludes federal habeas relief based upon "independent claims" of pre-plea constitutional violations). Under these circumstances, a prisoner may attack only the voluntary and intelligent character of his guilty

1  plea in habeas proceedings.  Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992).  Under

2  California law, a plea of no contest is equivalent to a guilty plea.  Cal. Penal Code § 1016;

3  People v. Mendez, 19 Cal.4th 1084, 1094-95 (Cal. 1999).  Thus, because petitioner entered a

4  plea of no contest, he waived his right to challenge any alleged Fourth Amendment violations

5  prior to his plea.  Accordingly, this claim is barred by Tollett.

6           B.      Stone v. Powell Bar

7           Further, under Stone v. Powell, 428 U.S. 465 (1976), petitioner's claim that

8  evidence introduced at trial was seized in violation of the Fourth Amendment is barred.  In

9  Stone, the Supreme Court held that "where the State has provided an opportunity for full and fair

10 litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be

11 granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

12 search or seizure was introduced at his trial."  Id. at 482.  The Supreme Court instructed that

13 state prisoners were not entitled to federal habeas relief on Fourth Amendment grounds if they

14 were able to litigate fully their Fourth Amendment claims in state court.  Id.  Thus, a Fourth

15 Amendment claim can only be litigated on federal habeas where petitioner demonstrates that the

16 state did not provide an opportunity for full and fair litigation of the claim; it is immaterial

17 whether the petitioner actually litigated the Fourth Amendment claim, whether the state courts

18 correctly disposed of the Fourth Amendment issues tendered to them, or even whether the claim

19 was correctly understood.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); Siripongs

20 v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994); Gordan v. Duran, 895 F.2d 610, 613 (9th Cir.

21 1990).

22           The record shows that petitioner was provided with the opportunity to litigate

23 fully his Fourth Amendment claims.  A defendant may move to suppress illegally obtained

24 evidence in the trial court pursuant to California Penal Code § 1538.5(a) which provides:

25           (1) A defendant may move . . . to suppress as evidence any tangible or intangible
             thing obtained as a result of a search or seizure on either of the following
26           grounds:

10

(A) The search or seizure without a warrant was unreasonable.

(B) The search or seizure with a warrant was unreasonable because any of the following apply:

> (I) The warrant is insufficient on its face.

> (ii) The property or evidence obtained is not that described in the warrant.

> (iii) There was not probable cause for the issuance of the warrant.

> (iv) The method of execution of the warrant violated federal or state constitutional standards.

> (v) There was any other violation of federal or state constitutional standards.

Id.

Here, the trial court denied petitioner's motion to suppress the search warrant after a hearing was conducted pursuant to Cal. Penal Code § 1538.5. (CT at 465-519.) After an evidentiary hearing, the trial court held that petitioner's Fourth Amendment rights were not violated when he was detained by the arresting officer and that probable cause existed for his arrest. (See CT at 524-26.) It is evident that petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claims. Therefore, this claim is barred from federal habeas review under Stone v. Powell, 428 U.S. at 481-82.

Petitioner counters that he was denied a meaningful opportunity by the state appellate court to fully and fairly litigate his claims. Specifically, petitioner contends that although he raised claims concerning his allegedly unlawful detention and arrest before the state appellate court, only his claim as to an unlawful arrest was considered and, thereupon, denied on grounds of collateral estoppel. Petitioner, however, does not deny that he was provided with a full and fair opportunity to litigate his Fourth Amendment claims in the trial court, that he took advantage of that opportunity, and that the trial court considered and rejected the entirety of petitioner's arguments. When a petitioner files a motion to suppress and the state trial court

1   denies the motion after a hearing, the petitioner has had a "full and fair opportunity to argue his

2   Fourth Amendment claim in state court." Mitchell v. Goldsmith, 878 F.2d 319, 323 (9th Cir.

3   1989).  Furthermore, and as discussed supra, it is irrelevant whether the state appellate court

4   correctly disposed of the Fourth Amendment issues tendered to them, or even whether the claim

5   was correctly understood. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); Siripongs

6   v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994); Gordan v. Duran, 895 F.2d 610, 613 (9th Cir.

7   1990); Mack v. Cupp, 564 F.2d 898, 902 (9th Cir. 1977).

8           For the foregoing reasons, petitioner's claim that his Fourth Amendment rights

9   were violated is barred in this federal habeas proceeding.

10       B.      Ground Two

11          In ground two, petitioner contends his conduct was constitutionally protected and

12   therefore his arrest was unlawful.

13          The state appellate court denied this claim as follows:

14                                          II

15                                  First Amendment

16          [Petitioner] next suggests that his arrest was invalid because his conduct –
     which he characterizes as simply "taking pictures of children" – was "protected
17   by the First Amendment."  According to him, "For all Sgt. Wiley knew,
     [petitioner] was merely exercising his right to artistic freedom . . . ."

18

19          This argument is little more than a variation on [petitioner]'s argument
     that Sergeant Wiley lacked probable cause to believe he was engaged in criminal
     conduct – an argument this court rejected six years ago in the Siskiyou County
20   case and that we have concluded [petitioner] is collaterally estopped from
     relitigating here.  In essence, [petitioner]'s assertion is that not only was his
21   conduct consistent with innocent activity [ ], it was constitutionally protected.  In
     the prior appeal, however, this court expressly "reject[ed] [petitioner]'s assertion
22   that his conduct was as consistent with innocent activity as with criminal
     activity."  Thus, [petitioner]'s First Amendment argument is based on a premise
23   that has already been determined to be invalid.  For that reason, the argument is
     without merit.  (See *People v. Kongs* (1994) 30 Cal.App.4th 1741, 1749-1752
24   [enforcement of section 647.6 does not offend the First Amendment's guarantee
     of free expression].)

25
   (People v. Vogel, slip op. at 14-15.)
26

                                            12

1      The undersigned finds that petitioner's claim that his conduct was protected by

2 the First Amendment is an attempt to repackage his Fourth Amendment claim.  For the reasons

3 set forth above, this claim should be denied.

4      C.    Ground Three

5      Finally, petitioner challenges the constitutionality of Cal. Penal Code § 647.6(a).

6 Petitioner argues that the terms "annoying or molesting" are vague and overbroad.[2]  Petitioner

7 also asserts that the California courts' limiting interpretation of the statute constitutes a violation

8 of the doctrine of separation of powers in that, pursuant to the California Constitution, only the

9 legislature may define crimes.

10      The last reasoned rejection of this claim is the decision of the California Court of

11 Appeal for the Third Appellate District on petitioner's direct appeal:

12      [Petitioner] next contends his arrest was invalid because section 647.6 is
       unconstitutionally vague and therefore void.  We disagree.

13

14      "The constitutional guarantees of due process of law (U.S. Const., 14th
       Amend.; Cal. Const., art. I, § 7) require 'a reasonable degree of certainty in
       legislation, especially in the criminal law . . . .' [Citation.] '[A] penal statute

15     [must] define the criminal offense with sufficient definiteness that ordinary
       people can understand what conduct is prohibited and in a manner that does not

16     encourage arbitrary and discriminatory enforcement.'" (*People v. Ewing* (1999)
       76 Cal.App.4th 199, 206.)

17

18      A similar challenge to section 647.6 was rejected more than 50 years ago
       in *People v. Pallares* (1952) 112 Cal.App.2d Supp. 895.FN8 There, in addressing
       an argument that the statute was not "sufficiently clear and definite to state a

19     public offense," the court concluded that "the meaning of the words 'to annoy to
       molest,' as employed in the code section, are sufficiently definite and certain to

20     advise the public generally what acts and conduct are prohibited." (*Id.* at pp. 901,
       902.)  The court went on to explain that "[w]hen the words annoy or molest are

21     used in reference to offenses against children, there is a connotation of abnormal
       sexual motivation on the part of the offender.  Although no specific intent is

22     prescribed as an element of this particular offense, a reading of the section as a
       whole in the light of the evident purpose of this and similar legislation enacted in

23     this state indicates that the acts forbidden are those motivated by an unnatural or

24     _____

       [2]  Section 647.6 provides, in relevant part, that "Every person who annoys or molests any

25 child under 18 years of age shall be punished by a fine not exceeding five thousand dollars
   ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and

26 imprisonment."  Cal. Penal Code § 647.6(a)(1).

abnormal sexual interest or intent with respect to children.  It should be noted further that the section must be construed reasonably as setting up an objective test for annoyance or molestation; a childish and wholly unreasonable subjective annoyance, arising, for example, from a child's dislike for proper correction by a teacher, is not covered by the section.  The annoyance or molestation which is forbidden is in no sense a purely subjective state on the part of the child.  The objectionable acts of a defendant constitute the annoyance or molestation contemplated by the statute."  (*Id.* at pp. 901-902.)

FN8 *Pallares* actually involved former section 647a, subdivision (1), but that statute was the precursor to section 647.6 and the operative language in the two statutes is the same.

Eighteen years later, in *In re Gladys R.* (1970) 1 Cal.3d 855, the California Supreme Court expressly "reaffirm[ed] the construction given [the statute] in *Pallares* and subsequent cases."  (*In re Gladys R.*, at p. 868.)

[Petitioner] suggests that in analyzing the statute for vagueness, we must disregard the judicial construction of the statute "[o]ver the years" and focus instead solely on the words of the statute as originally written because it is the job of the Legislature, not the courts, to rewrite statutes.  The primary authority he offers in support of this argument is a decision by the Nevada Supreme Court in which that court apparently declines to apply a limiting construction to a statute similar to section 647.6 to save it from being unconstitutionally vague.  (*City of Las Vegas v. Dist. Ct.* (Nev. 2002) 59 P.3d 477.)

That the Nevada Supreme Court chose not to give a similar statute a limiting construction does not mean we are required to, or that we even can, ignore the judicial construction that has been given to section 647.6 for more than half a century.  Because the Legislature has amended the statute numerous times in the years that have passed since *Pallares* and *Gladys R.* and has never repudiated the construction the courts have given the statute, the Legislature has presumably adopted the judicial construction of the statute as its own.  (See *In re Gladys R.*, *supra*, 1 Cal.3d at pp. 868-869 [noting that because the Legislature had amended the statute "in other respects on three occasions" since *Pallares* but had "not amended [the statute] to exclude motivation by an abnormal sexual interest or intent as an element of the offense," the court had to "presume the Legislature had acquiesced in the judicial construction"].)  In any event, we are bound by the construction of the statute adopted by our Supreme Court in *In re Gladys R.*  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Thus, we are bound to conclude that [petitioner]'s challenge to section 647.6 for vagueness fails.

(People v. Vogel, slip op. at 15-18.)

Respondent argues that this claim is also barred by Tollett v. Henderson, 411 U.S. 258 (1973).  Although Tollett bars a petitioner from challenging pre-plea constitutional errors, the Supreme Court has since recognized that the bar does not apply when the pre-plea error is

1   "jurisdictional," namely, it implicates the government's power to prosecute the defendant.

2   United States v. Johnston, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999).  For example, Tollett does

3   not foreclose a claim that: a defendant was vindictively prosecuted, Blackledge v. Perry, 417

4   U.S. 21, 30-31 (1974); the indictment under which a defendant pled guilty placed him in double

5   jeopardy, Manna v. New York, 432 U.S. 61, 62 (1975) (per curia); or the statute under which the

6   defendant was indicted is unconstitutional or unconstitutionally vague on its face, United States

7   v. Garcia-Valenzuela, 232 F.3d 1003, 1006 (9th Cir. 2000).  Where the State is precluded by the

8   United States Constitution from haling a defendant into court on a charge, federal law requires

9   that a conviction on that charge be set aside even if the conviction was entered pursuant to a

10  counseled plea of guilty.  Blackleg, 417 U.S. at 30 (1974).

11          Thus, a state criminal statute may be challenged as unconstitutionally vague or

12  overbroad or both by way of a petition for a writ of habeas corpus by a prisoner convicted under

13  the statute.  Vlasak v. Superior Court of California, 329 F.3d 683, 688-90 (9th Cir. 2003).  Here,

14  although petitioner was arrested pursuant to Cal. Penal Code § 647.6(a), he was charged with

15  and pled no contest to violating Cal. Penal Code § 288(a) with a special allegation of multiple

16  victims.  Petitioner, then, was neither convicted of nor did he plead guilty to the statute that he

17  now challenges as unconstitutionally vague and/or overbroad.  Moreover, petitioner provides no

18  legal support for the proposition that he may challenge a statute for which he was arrested, but to

19  which he did not plead guilty.  The court hereby finds that petitioner's plea of no contest

20  effectively waives his challenge to the statute under which he was arrested.

21          As to petitioner's separation of powers argument, this claim is not cognizable on

22  federal habeas corpus review.  The federal doctrine of separation of powers does not extend to

23  the states under the Fourteenth Amendment.  See Hughes v. Superior Court, 339 U.S. 460, 467

24  (1950).  The question of whether a state court violates the doctrine of separation of powers

25  contained in the California Constitution is classified as a state claim.  See Middleton v. Cupp,

26  768 F.2d 1083, 1085 (9th Cir. 1985). State claims cannot be the basis for federal habeas corpus

1  relief.  Estelle v. Gamble, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for

2  errors of state law").  Based on the foregoing, the undersigned recommends that this claim be

3  denied.

4          Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

5  States District Courts, "[t]he district court must issue or a deny a certificate of appealability

6  when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A

7  certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a

8  substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court

9  must either issue a certificate of appealability indicating which issues satisfy the required

10  showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

11  For the reasons set forth in these findings and recommendations, petitioner has not made a

12  substantial showing of the denial of a constitutional right.  Accordingly, no certificate of

13  appealability should issue.          For the foregoing reason, IT IS HEREBY

14  RECOMMENDED that

15          1.  Petitioner's application for a writ of habeas corpus be denied; and

16          2.  The district court decline to issue a certificate of appealability.

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1 | /////

2

3         These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5 days after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

8 that failure to file objections within the specified time may waive the right to appeal the District

9 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 DATED: November 15, 2010.

11

12

13                       UNITED STATES MAGISTRATE JUDGE

14

15

16 /014;voge2501.157

17

18

19

20

21

22

23

24

25

26